# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

| | |
|---|---|
| PATRICIA A. FRIERSON, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:06-1892-JFA-BM |
| ) | |
| v. ) | |
| ) | |
| TERRY L. PARKE, an individual, ) | |
| MIKE JOHNSON, individually as ) | **REPORT AND RECOMMENDATION** |
| an officer of the City of Columbia ) | |
| Police Department, and THE CITY ) | |
| OF COLUMBIA, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, asserting numerous claims against the named Defendants. See Amended Complaint filed September 1, 2006. The Defendants Mike Johnson and City of Columbia filed motions to dismiss for lack of prosecution on December 13, 2006 and December 18, 2006, respectively. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on December 18, 2006, advising Plaintiff of the importance of a dispositive motion and of the need for her to file an adequate response. Plaintiff was specifically advised that if she failed to respond adequately, the Defendants' motions may be granted, thereby ending her case. Plaintiff thereafter filed a memorandum in opposition to the Defendants' motions on January 24, 2007, with the Defendants filing reply memoranda on January 29, 2007 and February 1, 2007.



1

Defendants' motions are now before the Court for disposition.[1]

### **Background**

A review of the docket in this case as well as the motions and other filings with the Court reveals that on September 7, 2006, the Defendant Mike Johnson filed a motion to compel discovery responses from the Plaintiff. Defendant's motion stated that he had served interrogatories and requests for production on the Plaintiff, but that Plaintiff had never responded to these discovery requests, nor had Plaintiff responded to a letter sent to her concerning her failure to respond. In response to Defendant's motion, Plaintiff subsequently mailed discovery responses to this Defendant, and by order entered September 25, 2006, the undersigned mooted Defendant's motion to compel.

However, the Defendant Johnson filed a second motion to compel on October 20, 2006, complaining that the responses Plaintiff had submitted to his earlier discovery requests were incomplete, and that she had further failed to respond at all to interrogatories and requests for production served contemporaneously with this Defendant's September 8, 2006 requests for admission. In a second order entered November 21, 2006, the Defendant Johnson's second motion to compel was granted in part, with Plaintiff being ordered to respond to the cited discovery requests within ten (10) days of the date of that order. However, Defendant Johnson represents to the Court that, as of the date of the filing of his motion to dismiss (December 13, 2006), Plaintiff had failed to comply with this Court's order relating to his motion to compel.

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The Defendants have filed motions to dismiss. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.

2



In the interim, the Defendant City of Columbia had filed its own motion to compel discovery responses from the Plaintiff on October 5, 2006, based on Plaintiff's failure to properly respond to this Defendant's discovery requests. By order filed November 9, 2006, the Defendant City of Columbia's motion was granted in part, and Plaintiff was required to supplement her discovery responses within ten (10) days of the date of that order. However, in its motion to dismiss, the Defendant City of Columbia represents to the Court that Plaintiff had still not provided the supplemental discovery responses required by that order. Defendant City of Columbia further represents in its motion that Plaintiff has also on two occasions objected to providing her deposition as noticed.

The record before the Court with respect to Plaintiff's deposition reflects that Plaintiff's deposition was originally scheduled for November 28, 2006. See also Exhibit A to Johnson Motion to Dismiss. This notice was served on the Plaintiff on November 15, 2006, with an amended notice being sent to the Plaintiff on November 16, 2006. See Exhibit B to Johnson Motion to Dismiss. However, Plaintiff wrote to counsel on November 20, 2006, advising that she could not provide a deposition on that date as she was going to be out of town. See Exhibit C to Johnson Motion to Dismiss. As a result, the Court subsequently extended the period for taking Plaintiff's deposition up to and including December 18, 2006; See Court Document No. 60; and Plaintiff's deposition was then re-noticed for December 5, 2006, with the notice being both faxed to Plaintiff's fax number on December 1, 2006 and sent by mail to Plaintiff's address. See also Exhibit D to Johnson Motion to Dismiss. Defendant Johnson represents to the Court that Plaintiff thereafter left a telephone message with his counsel's office late on the afternoon of December 4, 2006, indicating that it was not convenient for her to appear for a deposition at that time, and that

3



Plaintiff did not in fact show up for her deposition on December 5, 2006.  See also Exhibit E to Johnson Motion to Dismiss.  Defense counsel then telephoned Plaintiff at her residence, informed her that all counsel were present for her deposition and that she needed to participate, and that the Defendants would wait forty-five (45) minutes for her to come and attend the deposition.  Defendant represents that Plaintiff stated she could not attend because it conflicted with her schedule, although no indication was given as to what that conflict was, but that she could be present at 2:00 p.m.  When Plaintiff was informed that everyone was present at counsel's office and that she needed to be present within forty-five (45) minutes or the Defendant Johnson would move to dismiss her case for failure to attend her deposition, Plaintiff then stated that she would be present at 4:30 p.m.  See also Exhibit E to Johnson Motion to Dismiss.  However, Defendant Johnson represents to the Court that Plaintiff then called back a short time later and stated that she would not be available at 4:30 p.m. either, as she again had a scheduling conflict.

In a memorandum filed by the Plaintiff on December 15, 2006 in response to a separate motion for sanctions filed by the Defendant City of Columbia, Plaintiff states that she never received the Court's November 9, 2006 order, but that she has since responded to that order.[2]  With respect to her depositions, Plaintiff asserts in her opposition memorandum of January 24, 2007 that

---

[2]The Defendant City of Columbia argues in a reply filed December 19, 2006, that whether Plaintiff had received the courts order or not, that she had still not properly responded to its discovery requests.  This Defendant further argues that the responses Plaintiff did finally supply, after she contends she finally received the court order, were not in compliance with that order.  In a supplemental memorandum filed in support of his motion to dismiss, the Defendant Johnson also notes that Plaintiff did finally file a supplemental response to that Defendant's discovery requests, but argues that Plaintiff "patently failed to cure the deficiencies in her responses and has refused to provide the answers necessary for this Defendant's evaluation of Plaintiff's purported damages claim."  See Supplemental Memorandum filed December 18, 2006, with attached Exhibits, at p. 2.

4



she received the notice of deposition for the deposition scheduled on November 28, 2006 on Friday, November 17, 2006, but that she was already scheduled for a vacation on the date scheduled and went ahead and took her vacation "[i]n order to mitigate damages....".   With respect to the deposition scheduled for December 5, 2006, Plaintiff claims that she never received any fax notice of that deposition, and that she did not receive the mailed notice until December 2, 2006.  Plaintiff contends that this was not reasonable notice to her, and that she therefore refused to attend.

**Discussion**

Rule 37(b)(2), Fed.R.Civ.P., provides that if a party fails to obey an order to provide or permit discovery, the Court in which the action is pending may make such orders in regard to such failure as are just, including dismissing the action.  Further, Rule 41(b), Fed.R.Civ.P., clearly authorizes the Court to dismiss an action for failure to prosecute or for failure to comply with court orders.  "There is no doubt that Federal Courts possess the inherent authority to dismiss a case with prejudice . . . " See Link v. Wabash Railroad Co., 370 U.S. 626, reh'g. denied, 371 U.S. 873 (1962); Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997).  Whether to dismiss under Rule 41(b) is a matter for the Court's discretion. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978).

The Court of Appeals for the Fourth Circuit has developed a four-prong test to determine whether a Rule 41(b) dismissal is appropriate. The District Court must consider (1) the degree of personal responsibility of the Plaintiff; (2) the amount of prejudice caused the Defendant; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of sanctions less drastic than dismissal. Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); Tinsley v. Quick & Reilly, Inc., 216 F.R.D. 337, 338 (E.D.Va. 2001);

5



Contreras v. NFN Pettiford, No. 05-3552, 2006 WL 2621866 (D.S.C. Sept. 11, 2006).  See also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom., Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning]; Mutual Federal Savings and Loan Ass'n v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989).

   The record in this case shows that Plaintiff has failed to respond to discovery requests from the Defendants, either properly or at all, and that she has also failed to comply with orders of this Court concerning these discovery requests and the conduct of her case.  Plaintiff has also refused to appear for her deposition.  Plaintiff offers varying excuses for her non-compliance, which the undersigned frankly does not accept.  Without question, it is possible for a litigant to inadvertently let a deadline slip or experience a scheduling problem with respect to a deposition, and if that were the case here as shown by the record, the Court would have no problem with accommodating the Plaintiff.  Indeed, the pending motions to dismiss would not have even been filed.  However, that is not the situation presented to this Court.  Rather, the record in this case shows that Plaintiff has initially failed to respond to discovery requests at all, that when she is then ordered to respond she responds with incomplete responses or no responses at all, and that she does not timely respond even in the face of court orders.  As for her depositions, while the Court is concerned about the reasonableness of the notice time provided for Plaintiff's deposition, Plaintiff cannot simply tell defense counsel that it is not "convenient" for her to come to her deposition.  Defense counsel represents to the Court that Plaintiff provided no explanation as to why it was not convenient for her to attend at least the second of her scheduled depositions, nor has she provided the Court with any

6



explanation as to why it was not convenient for her to attend at least the second of her scheduled depositions. Indeed, even though Plaintiff herself admits that she had received notice of that deposition, the record reflects that she was at home when defense counsel called to inquire why she was not in attendance. Plaintiff does not explain why she could not have either appeared on time for that deposition, or have left to go and attend her deposition after being called by defense counsel, other than to say that it was not "convenient" for her to do so. While the Court may be sympathetic to Plaintiff's representation that she is extremely busy, this does not excuse a lack of compliance with the rules of this Court, or with court orders. If matters cannot be timely handled, extensions can be sought; however, deadlines and orders from the Court cannot just simply be ignored, nor can properly served deposition notices. Therefore, the Plaintiff clearly meets the first and third prongs of the Fourth Circuit's four prong test.

While the Plaintiff has engaged in the conduct described herein, the continuation of this action for now well over seven (7) months has caused the Defendants to incur continuing costs and expenses associated with this lawsuit. Further, Plaintiff's failure to cooperate in discovery has prejudiced the Defendants' ability to ascertain the facts and prepare a defense in this action. Therefore, the facts in this case clearly also satisfy the second prong of the Fourth Circuit's four part test.

As for the fourth prong of the Fourth Circuit's four part test, the record in this file shows that Plaintiff has failed to respond to notices and filings received from the Defendants, has failed to appear to give testimony in her case, has failed to respond to court orders, and has failed to provide proper responses to discovery requests. While the undersigned is uncertain as to whether a sanction less drastic than dismissal will be effective, as Plaintiff has demonstrated a lack of respect

7



for court procedures, rules and requirements, the undersigned is nevertheless mindful of the fact that the Plaintiff is proceeding pro se, and that federal courts have historically treated pro se litigants with some degree of liberality. However, pro se litigants are not immune from any sanction by virtue of their status alone. See e.g. Ballard v. Carlson, supra; Gantt v. Maryland Div. Of Correction, 894 F.Supp. 226 (D.Md. 1995), aff'd, 73 F.3d 357 (4th Cir. 1996). In Ballard, the pro se complaint was dismissed with prejudice for failure to obey a court order despite a warning from the Court that failure to comply may result in dismissal. The Fourth Circuit upheld the dismissal. Id., at 95-96. In Zaczek v. Fauquier County, et. al., 764 F.Supp. 1074 (E.D. Va. 1991) aff'd, 16 F.3d 414 (4th Cir. 1993), the District Court dismissed the pro se state prisoner's § 1983 claim for the Plaintiff's willful disregard of the Court's warnings to cease his abusive motions practice or else have his case dismissed. The Court noted that the Plaintiff was repeatedly warned that the complaint would be dismissed if he did not obey the orders of the Court. Id. at 1080; see also Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 472 (4th Cir. 1993); Hathcock v. Navistar Int'l Trans. Corp., 53 F.3d 36, 40-41 (4th Cir. 1995) [noting that "this court has emphasized the significance of warning a defendant about the possibility of default [under Rule 37] before entering such a harsh sanction"]; Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954, n.2 (4th Cir. 1987) [noting that warning to parties was a "salient fact" that distinguished cases in which default judgment was appropriate sanction for discovery abuse under Rule 37].

      In considering whether sanctions less drastic than a dismissal with prejudice exist, and in light of Plaintiff's pro se status, an option other than outright dismissal presents itself. First, in an effort to try and fashion some sanction less drastic than dismissal, but sufficient to impress upon the Plaintiff the need for her to cooperate in this litigation and to comply with the Court's

8



orders and the rules of this Court, a monetary penalty could be considered by the Court. Whether the actual assessment to the Plaintiff of costs and fees as a penalty for her conduct would result in a change in his behavior is unknown; however, through the payment of fees and costs, Plaintiff may be able to sufficiently demonstrate to the Court that she will in the future comply with this Court's rules to allow this case to proceed, while at the same time allowing the Defendants to recoup some of the losses they have incurred as a result of Plaintiff's actions to date. If this option is accepted by the Court, the Defendants should be required to submit affidavits of fees and costs incurred as a result of Plaintiff's conduct, including costs and fees incurred as a result of having to file motions and briefs because of this conduct, within ten (10) days of any order of the Court adopting this Report and Recommendation. Plaintiff could submit any objections she may have to the amount of fees and costs requested, with the Court then entering a final order setting the proper amount due.

In the event such payment is then made, Defendants' motions to dismiss this case as a sanction for Plaintiff's conduct should be denied, with a new deadline set for Plaintiff's compliance with discovery in this case and to sit for a deposition. However, in the event Plaintiff fails to timely remit payment, the Defendants' motion should be granted, and this action should be dismissed with prejudice. See Ballard, 882 F.2d at 95 [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina
March 2, 2007

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

