IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Patricia A. Frierson, ) | C/A No. 3:06-1892-JFA-BM |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Terry L. Parke, an individual; ) | |
| Mike Johnson; individually as ) | |
| an officer of the City of Columbia ) | |
| Police Department; and the ) | |
| City of Columbia ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

1

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The <u>pro se</u> plaintiff, Patricia Frierson initiated the present action against defendants on June 27, 2006. In her complaint, plaintiff alleged that on the evening of April 1, 2005, she heard a loud noise on the back door of her apartment. Frightened by the noise, plaintiff allegedly called 911 and spoke with an individual identified as "Corporal Moss" about the incident. Simultaneous to this phone call, a neighbor of plaintiff, defendant Terry Parke, also called 911. Corporal Moss and defendant Mike Johnson, a police officer with the Columbia City Police Department, arrived at plaintiff's apartment. The facts are unclear about what actually occurred upon defendant Johnson's arrival at plaintiff's apartment. However, defendant Johnson ultimately took plaintiff into protective custody and transported her for treatment at Palmetto Richland Memorial Hospital.

As a result of this incident, plaintiff filed the present action. Specifically, she has asserted numerous causes of action against defendants, including violation of her First Amendment rights, invasion of privacy, negligence/gross negligence, libel and slander, intentional infliction of emotional distress, a §1983 claim for violation of her Fourth Amendment rights against illegal searches and seizures, and "bad faith." All defendants timely filed answers to plaintiff's complaint denying all of plaintiff's allegations.

On December 13, 2006, defendant Johnson filed a motion to dismiss plaintiff's case pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure. In particular, defendant Johnson catalogued plaintiff's failure to comply with the Magistrate's previous two orders,

which required plaintiff to fully respond to defendants' interrogatories and requests for production. Defendant Johnson also argued that plaintiff had repeatedly failed to attend her properly noticed depositions. Therefore, defendant Johnson filed the present motion to dismiss plaintiff's case as a sanction for failing to comply with the discovery process.

Similarly, on December 18, 2006, defendant City of Columbia also filed a motion to dismiss plaintiff's case.[1] It further claimed that plaintiff had consistently failed to comply with the discovery process and previous orders from the court, and plaintiff had also refused on two separate occasions to attend her properly noticed deposition. In their respective motions, both defendants argued that no sanction other than outright dismissal of plaintiff's case would be appropriate given the circumstances.

In a detailed and comprehensive Report and Recommendation filed with the court on March 2, 2007, the Magistrate Judge recommended that defendants' motions to dismiss as a sanction for plaintiff's conduct should be denied at this time. Instead, the Magistrate Judge recommended that a monetary penalty be assessed against plaintiff. Specifically, the Magistrate Judge reasoned that taxing a monetary penalty against plaintiff would allow defendants to recoup some of their financial losses that resulted from plaintiff's conduct, but would simultaneously allow plaintiff (assuming such monies were paid) to demonstrate to the court that she would comply with the discovery process and the court's future orders. If

---

[1] In defendant City of Columbia's motion, it joined in defendant Johnson's motion to dismiss and incorporated the factual assertions and legal reasoning of that motion by reference.

3

this court adopted the Magistrate Judge's Report, the Magistrate Judge recommended that defendants be required within 10 days of this court's order to submit affidavits of fees and costs incurred as a result of plaintiff's dilatory conduct. Additionally, if plaintiff failed to timely remit such costs to defendants, the Magistrate Judge recommended granting defendants' motions.

The parties were advised of their rights to file objections to the Report. Plaintiff filed her objections to the Report on March 26, 2007.[2] Additionally, on March 27, 2007, she filed a supplemental memorandum in support of her objections. Plaintiff specifically objects to the Report on the following grounds[3]:

(1)     Defendants themselves are responsible for the discovery abuses and delays;

(2)     The Report erroneously states that plaintiff never responded to defendant Johnson's September 7, 2006 motion to compel and an alleged letter concerning her failure to respond;

(3)     The Report is erroneous because it is based on unpublished opinions;

(4)     The Report erroneously rejected plaintiff's affidavit claiming that she had answered all discovery truthfully and to the best of her ability;

(5)     The Report ignored plaintiff's good faith explanations for her failure to comply; and

---

[2]On March 23, 2007, this court granted plaintiff's motion for an extension of time to file her objections until March 26, 2007 [doc. #93].

[3]Plaintiff raises other objections to the Report, as well. However, none of the objections are legally cognizable arguments and therefore the court finds that they are without merit.

>   (6)     The Report fails to follow the "basic principles" for a motion to dismiss under Rule 37 and 41 of the Federal Rules of Civil Procedure.

Defendants did not file any objections to the Magistrate Judge's Report. However, defendant Johnson filed a response to plaintiff's objections stating that her objections merely rehashed old arguments. Additionally, defendant Johnson stated that plaintiff's claim in her objections that she could not attend her deposition because of a funeral was never previously articulated by plaintiff to defendants.

The court has reviewed all of plaintiff's objections and finds that each one is without merit. First, the Report is thoroughly substantiated by published caselaw and only relies upon one unpublished case. This case, Contreras v. NFN Pettiford, 2006 WL 2621866 (D.S.C. Sept. 11, 2006) only reiterates the four-pronged test for a Rule 41 motion to dismiss outlined by the Fourth Circuit in Chandler and Ballard, which the Report relied upon  See Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). Accordingly, plaintiff's argument that the Magistrate Judge erred in relying on unpublished cases is without merit. Similarly, the Report clearly cited and analyzed the appropriate law for considering a motion to dismiss under Rules 37 and 41 of the Federal Rules of Civil Procedure; plaintiff's argument to the contrary is without merit.

Finally, the remainder of plaintiff's objections concern either plaintiff's alleged good faith explanations for not complying with discovery or her assertion that she answered all of the discovery requests truthfully and to the best of her ability. These matters were previously addressed by the Magistrate Judge on defendants' motions to compel and were again

thoroughly addressed in the Report. Moreover, the Magistrate Judge in his Report specifically considered plaintiff's good faith explanations for not complying with discovery, but ultimately rejected these reasons. See Report at 7 (stating "[w]hile the court may be sympathetic to plaintiff's representation that she is extremely busy, this does not excuse a lack of compliance with the rules of this court, or with court orders.").

Therefore, in light of the standard set out above, the court has reviewed, *de novo,* the record, the law, the Report and Recommendation of the Magistrate Judge, together with the plaintiff's objections thereto, and finds that the Magistrate Judge's Report fairly and accurately summarizes the facts and applies the correct principles of law. The court, therefore, adopts the recommendation of the Magistrate Judge as modified herein and incorporates this Report by specific reference.

Defendants are ordered to submit to the court[4] within 10 days of this order their affidavits of fees and costs demonstrating any financial losses it sustained as a result plaintiff's conduct. Once this information is submitted to the court, plaintiff shall have time to object and the court will ultimately enter an order finalizing the proper amount owed by plaintiff to defendants. Alternatively, plaintiff may decline to pay this monetary sanction to defendants. However, if plaintiff chooses not to timely remit this payment to defendants, the court will vacate this order and grant defendants' motion to dismiss this case with prejudice.

---

[4]This matter will be referred to United States Magistrate Judge Bristow Marchant.

It is therefore ordered that defendants' motion to dismiss is hereby denied at this time. The plaintiff's objections are overruled, and the Report and Recommendation, as modified herein, is incorporated by reference and adopted as the order of this court.

IT IS SO ORDERED.

April 3, 2007
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge